**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Seth Howell, individually and on behalf of all others similarly situated ) ) ) Plaintiff ) ) v. ) ) Worldwide Integrated Supply Chain ) Solutions, Inc., dba Worldwide Logistics ) ) Defendant. ) | **Jury Demanded** |

**COMPLAINT - CLASS ACTION**

Plaintiff, Seth Howell, individually and on behalf of all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") for a finding that Defendant's telephone calls to cellular telephones violated the TCPA, and to recover damages for Defendant's violation of same, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1337, and 47 U.S.C. § 227 (TCPA).

2. Venue in this District is proper because the acts occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES & FACTS**

3. Plaintiff Seth Howell ("Howell") is, and at all times mentioned herein was, an individual citizen of the State of Ohio, who resides in Northern District of Ohio.

4. Defendant, Worldwide Integrated Supply Chain Solutions, Inc., dba Worldwide Logistics ("WW") is headquartered in Urbandale, Iowa, and is one of the

largest multi-modal Supply Chain and Logistics companies in North America.

5. Defendant WW is authorized to conduct, and so conducts, business in the State of Ohio.

6. At all times relevant, Plaintiff Howell was an individual residing in the State of Ohio. Howell is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(10).

7. On August 14, 2015, WW placed a telephone call to Howell's cellular telephone number.

8. The call that WW placed to Howell's cellular telephone number was placed using an "automatic telephone dialing system" ("ATDS"). When the call was answered, there was dead air, which is indicative of an ATDS as there was no live person on the other end when the call is answered.

9. The call was made by a software program making telemarketing calls.

10. WW did not have written consent to call Howell on his cellular telephone.

## THE TCPA

11. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *See, Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

12. Accordingly, the TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone equipment, or "autodialers".

Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14.  "Based on substantial record support, the volume of consumer complaints we continue to receive concerning unwanted, telemarketing robocalls, and the statutory goal of harmonizing our rules with those of the FTC, [the FCC] requires prior express written consent for all telephone calls using an automatic telephone dialing system or a prerecorded voice to deliver a telemarketing message to wireless numbers and residential lines." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, ¶ 20, 2012 WL 507959 (Feb. 15, 2012).

15.  "Automatic telephone dialing system" ("ATDS") means any equipment that has the "*capacity* to dial numbers without human int*ervention.*" *See, Silbaugh v. Viking Magazine Servs.,* 278 F.R.D. 389 (N.D. Ohio 2012).

## COUNT I: VIOLATION OF THE TCPA

16.  Plaintiff restates each of the factual allegations in all other paragraphs as if full stated herein.

17. This claim is for violation of the TCPA by WW.

18. The telephone call from WW to Plaintiff's cellular telephone number was made using an ATDS, as defined by 47 U.S.C. § 227 (a)(1), as it had the capacity to store or produce numbers randomly or sequentially, and to dial such numbers, and to place telephone calls to Plaintiff's cellular telephone. In addition, there was dead air when the call was answered, which is indicative of an ATDS as there is no live person on the other end when the call is answered.

19. The call was mass dialed using software for marketing purposes.

20. The telephone number that WW, or its agents, placed calls to was assigned to a cellular telephone service.

21. The telephone call was not placed for emergency purposes, as defined by TCPA § 227 (b)(1)(A)(i).

22. WW made unsolicited telephone calls to the wireless telephone number of Howell and the other members of the class with pre-recorded voices and or using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. WV did not have any consent for these calls, let alone written consent.

24. WW has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ...".

25. As a result of WW's illegal conduct, the members of the class suffered actual

damages and, under § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

26. Howell and class members are also entitled to, and do, seek injunctive relief prohibiting WW's violations of the TCPA in the future.

## CLASS ALLEGATIONS

27. Plaintiff restates each of the allegations in all other paragraphs as if full stated herein.

28. Plaintiff Howell, individually and on behalf of all other similarly situated, brings, the above claim on behalf of a Class. The TCPA Class consists of:

> (1) All persons in the United States (2) to whose cellular telephone number (3) WW placed a non-emergency telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where WW did not have written consent to call said cellular telephone number.

29. Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

30. Howell represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

31. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of WW's business, Howell reasonably believes that the class members number at a minimum in the hundreds, perhaps in the thousands, based on the use of software to make marketing calls.

32. Plaintiff and all members of the Class have been harmed by WW's actions.

33. This Class Action Complaint seeks money damages and injunctive relief.

34. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by WW.

35. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

  a. Whether WW engaged in a pattern of using an ATDS to place calls to cellular telephones;

  b. Whether WW's dialer delivers pre-recorded messages to cellular telephones;

  c. Whether WW's conduct was knowing or willful;

  d. Whether the calls were placed for marketing or advertisement purposes; and

  e. Whether WW violated the TCPA.

36. As a person who received the telephone calls using an ATDS or an artificial or prerecorded voice, without his prior express written consent within the meaning of the

TCPA, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

37. Howell has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

38. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel WW to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against WW is small because the statutory damages in an individual action for violation of the TCPA is small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39. WW has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Howell alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Howell requests that the Court enter judgment in favor of Plaintiff, the Class and against WW for:

1. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2. An injunction prohibiting Defendant from using an artificial or prerecorded voice message to call numbers assigned to cellular telephones without the prior express written permission of the called party;

3. An award of actual damages;

4. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

5. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

6. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

7. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, demands trial by jury.

Seth Howell, individually and on behalf of all others similarly situated,

By: /s/ *Amy L. Wells*
One of Plaintiff's Attorneys

Dated: October 6, 2015

Amy L. Wells (Oh. Bar No. 0078247)
Keith J. Keogh (Ill. Bar No. 6257811, Admission Pending)
Keogh Law, Ltd.
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
Keith@KeoghLaw.com
AWells@KeoghLaw.com


Gregory S. Reichenbach (Ohio Bar #0077876)
P.O. Box 256
Bluffton, OH 45817
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com

9